State *v.* Hasty.

STATE OF MAINE *versus* JOSEPH HASTY.

A certificate, under the hand of the governor and the seal of State, attested by the secretary, that a person had been appointed and qualified to solemnize marriages, and that he continues to hold the office, is not legal evidence of the person's authority.

ON EXCEPTIONS from *Nisi Prius*, RICE, J., presiding.

INDICTMENT, for adultery with one Phebe Ann Smith, tried at the November term, 1854. Plea, not guilty.

To prove the marriage of defendant, the counsel for the government introduced, subject to objection, an extract from the records of the town of Waterville, made by the town clerk, of such marriage, on July 11, 1850, as solemnized by "Calvin Gardiner, pastor of the First Universalist Society, Waterville;" also, subject to like objection, a paper, signed by the governor, bearing the seal of the State, of the following tenor:—

"State of Maine. WILLIAM G. CROSBY, Governor of the State of Maine. To all who shall see these presents, Greeting.

[L. S.] "Know ye, That Rev. Calvin Gardiner of Waterville, in the county of Kennebec, was on the twenty-first day of October, A. D. 1833, appointed and commissioned, and on the twenty-fifth day of October, A. D. 1833, qualified to solemnize marriages in each and every county through the State; that he still continues to hold said office; and that to his acts and attestations, as such, full faith and credit are and ought to be given in and out of Court.

"In testimony whereof, I have caused the seal of the State to be hereunto affixed.

"Given under my hand, at Augusta, this nineteenth day of September, in the year of our Lord one thousand eight hundred and fifty-four, and in the seventy-ninth year of the independence of the United States of America.

"By the Governor.

"Alden Jackson, Secretary of State."

Upon this point, there was no additional evidence, except

that defendant said to the officer when he was arrested, "that he did not care so much on his own account as he did on account of his wife."

Phebe Ann Smith testified to the effect, that the offence was committed, and against her will.

The counsel for defendant requested the Court to instruct the jury, that if the higher offence was committed, the verdict on this indictment should be for defendant. He declined to give the instruction, and the respondent was convicted. The jury also, in answer to a written question, found that the offence was committed against the will of the female.

*Drummond* and *Morrill*, for defendant, contended: —

1. The crime charged in the indictment, was *merged* in the one proved, and cited several authorities.

2. There was no sufficient proof of the marriage. The extract from the town record, was not admissible, without proof of identity. *State* v. *Wedgwood*, 8 Maine, 75; *Ham's case*, 2 Fairfield, 391; *Com.* v. *Norcross*, 9 Mass. 492.

3. The paper from the Secretary of State was not admissible. It was not evidence by any statute provision, nor by any known rule of law.

*R. H. Vose*, for the State.

BY THE COURT. — The paper from the Secretary of State, introduced as evidence, was not the commission giving authority to the clergyman to solemnize marriages, nor was it the copy of any record. It was not legal evidence.

*Exceptions sustained, verdict set aside, and new trial granted.*